# REAVIS·PAGE·JUMP LLP

Alice K. Jump*
ajump@rpjlaw.com

*admitted to practice in New York

41 Madison Avenue
41st Floor
New York, NY  10010

Telephone  (212) 763-4100
Facsimile  (212) 763-4141

www.rpjlaw.com

August 14, 2020

VIA ECF

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, NY 10007

Re:    *Ali Al-Ahmed v. Twitter, Inc.*, Case no. 1:20-cv-04982-VEC

Request for Extension of Briefing Schedule and Adjournment of Initial Case Management Conference

Dear Judge Caproni:

This firm is New York counsel to Defendant Twitter, Inc. ("Defendant"), which is also represented by the firm of Keker, Van Nest & Peters LLP.  Attorneys from the Keker firm are in the process of preparing applications to be admitted *pro hac vice* in this matter.  Pursuant to Your Honor's Individual Rule 2(C), Defendant respectfully submits this letter requesting entry of an order (1) extending the briefing schedule for Defendant's anticipated motion to dismiss, or in the alternative, transfer the case to the Northern District of California; and (2) adjourning the Initial Case Management Conference—currently set for September 4, 2020—until January 8, 2021, or alternatively, the first available date following the Court's resolution of Defendant's anticipated motion.  Plaintiff Ali Al-Ahmed ("Plaintiff") consents to the requested relief.

**Extension of Briefing Schedule for Motion to Dismiss**

On August 6, 2020, Plaintiff filed an Amended Complaint asserting nine causes of action against Defendant.  Defendant's motion to dismiss/transfer is due on September 28, 2020.  Dkt. 6.  Defendant does *not* request an extension of this deadline.  Under Local Rule. 6.1 of the Southern District of New York, however, Plaintiff's opposition would then be due 14 days later, on October 12, 2019, and Defendant's reply would be due 7 days later on October 19, 2020.  Given the number of claims at issue, the parties believe that a one-week extension of each of these deadlines is necessary and appropriate.  To that end, Defendant respectfully requests that the briefing schedule be modified as follows:

Honorable Valerie E. Caproni
August 14, 2020
Page 2

- <u>October 19, 2020</u>: Last day for Plaintiff to file his opposition to Defendant's anticipated motion to dismiss/transfer;

- <u>November 2, 2020</u>: Last day for Defendant to file a reply in support of its motion to dismiss/transfer.

**<u>Adjournment of Initial Case Management Conference</u>**

Under the current schedule, the Initial Case Management Conference is set for September 4, 2020, while briefing on Defendant's motion to dismiss/transfer would not be complete until late October. And if the Court grants Defendant's request for an extended briefing schedule, the briefing would not be complete until early November—nearly two months after the Initial Case Management Conference. For the following reasons, Defendant respectfully requests that the Court adjourn the Initial Case Management Conference to January 8, 2021, or alternatively, the first available date following the Court's resolution of Defendant's anticipated motion to dismiss/transfer.

*First*, Defendant intends to seek dismissal of the entire matter based on, among other things, lack of personal jurisdiction. To the extent the Court grants Defendant's motion, the time spent preparing for and attending the currently scheduled Initial Case Management Conference and engaging in initial discovery would be wasted. It would better serve the interests of judicial efficiency and conservation of party resources for the Court to continue the Initial Case Management Conference until after it has an opportunity to rule on Defendant's arguments for dismissal on the pleadings. Further, as an alternative form of relief, Defendant intends to move for this case to be transferred to the Northern District of California, which could also render moot any schedule proposed by the parties and ordered by the Court.

*Second*, even if the Court does not grant Defendant's motion to dismiss in its entirety or transfer the case to the Northern District of California, the scope of this case may still be substantially impacted by the resolution of the Defendant's motion. It would not be an efficient use of time or resources for the Court to conduct an Initial Case Management Conference to, among other things, set a case schedule, months before Defendant's motion to dismiss/transfer will be resolved.

No prior application has been made for the relief requested herein. We appreciate the Court's consideration of this matter.

Respectfully submitted,

REAVIS PAGE JUMP LLP

_____
Alice K. Jump
41 Madison Avenue, 41st Floor
New York, New York 10010
(212) 763-4100
*Attorneys for Defendant Twitter, Inc.*

cc: Randy E. Kleinman, Esq. (via ECF)