

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Anjali Srinivasan**
(415) 676 2234
asrinivasan@keker.com

September 28, 2020

<u>VIA ECF</u>

Hon. Valerie E. Caproni
USDC, Southern District of New York
Thurgood Marshall U.S. Courthouse
Courtroom 443
40 Foley Square
New York, NY 10007

Re:   *Ali Al-Ahmed, v. Twitter, Inc.,* Case No. 1:20-cv-04982-VEC
        Letter Motion to Seal

Dear Judge Caproni:

     Pursuant to Section 5.B(ii) of Your Honor's Individual Practices in Civil Cases, Defendant Twitter, Inc. ("Twitter") respectfully moves to seal any personally identifying information of its employee declarant, including their name, as well as two Twitter internal business records reflecting Plaintiff's Twitter user identification number. Plaintiff consents to Twitter's request.

**I.     Twitter's Sealing Requests**

     Twitter seeks leave to seal the following information as well as any references to such information contained in the parties' publicly filed pleadings:

- **The identity of its employee declarant in the Declaration of Twitter Employee in support of Twitter's Motion to Dismiss, or Alternatively, to Transfer Venue ("Twitter Employee Declaration")**. Twitter proposes to redact the name of its employee and any information that could reveal the employee's identity. Due to the sensitive nature of the allegations contained in the complaint and the related federal criminal investigation, Twitter wishes to protect the identity of its employee, who may face threats or harassment should their identity be disclosed.

- **Exhibit 3 to the Twitter Employee Declaration**. Exhibit 3 is an internal Twitter business record listing accountholders Twitter notified by e-mail, on or about December 11, 2015, about the state-sponsored intrusion of their accounts. Exhibit 3 identifies Plaintiff's Twitter user identification number.

1392009

Hon. Valerie E. Caproni
Case No. 1:20-cv-04982-VEC
September 28, 2020
Page 2

- **Exhibit 4 to the Twitter Employee Declaration**. Exhibit 4 is an internal Twitter business record listing accountholders Twitter notified via an in-app notice, on or about December 11, 2015, about the state-sponsored intrusion of their accounts. Exhibit 4 identifies Plaintiff's Twitter user identification number.

This same information has already been ordered sealed in a parallel case currently pending in the Northern District of California. In 2019, another Saudi dissident Omar Abdulaziz brought similar claims against Twitter in the Northern District of California premised on the same 2015 Saudi espionage at Twitter. In that matter, Twitter also sought to seal the identity of its employee declarant as well as its internal records listing accountholders Twitter notified about intrusion of their accounts. The district court granted Twitter's request and sealed these materials. *See Abdulaziz v. Twitter et al.*, Case No. 3:19-cv-06694-LB (N.D. Cal.), ECF Nos. 44, 65.[1]

Sealing is also appropriate under prevailing Second Circuit authority. In the Second Circuit, the appropriateness of sealing or redacting filed documents is governed by a two-step analysis set out by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *Lugosch* first asks whether the materials are "judicial documents." *Id.* at 119. If so, "a common law presumption of access attaches," and the court "must determine the weight of that presumption." *Id.*

### A. Twitter's employee's declaration and its internal records are "judicial documents."

A "judicial document" is one which is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Because Twitter submits its employee's declaration and its internal records in support of its motion to dismiss, and the Court "could legitimately rely upon them when deciding the motion," the documents are arguably judicial documents. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007); *see also Lugosch*, 435 F.3d at 123 (holding that documents, "by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents under the common law.").

---

[1] To the extent this Court grants Twitter's request to dismiss Plaintiff's First Amended Complaint on personal jurisdiction grounds or transfers the matter to the Northern District of California, as sought by Twitter in its motion, the sealing order in *Abdulaziz v. Twitter* also indicates how the district court in the Northern District of California would likely resolve Twitter's sealing requests here.

### B. Twitter's interest in protecting the identity of its employee—a private citizen—and its interest in preserving the confidentiality of its business practices outweigh the public's interest in access.

Although judicial documents carry a presumption of public access, they may be sealed when other interests outweigh the public interest in access, including when necessary to protect important privacy interests and confidential business information. *See, e.g.*, *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, *1, *3-4 (S.D.N.Y. May 5, 2020) (sealing "personal identification information" and "sensitive business information").

#### 1. Employee Declarant

Twitter's interest in protecting its employee's identity outweighs the public interest in accessing their identity. The employee declarant is a private citizen and given the sensitive nature of the allegations in Plaintiff's complaint, and the related federal criminal investigation, *see United States v. Abouammo, et al.*, Case No. 3:19-cr-000621-EMC (N.D. Cal.), Twitter is reluctant to needlessly subject its employee to potential harassment or retaliation. Moreover, the Twitter employee is not personally connected to Plaintiff's claims, and it is foundational in the Second Circuit that "the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Further, courts in this circuit routinely seal sensitive information about individuals, including employees. For example, in *Valassis*, the Court sealed information relating to a plaintiff's individual employees, finding that the "personal privacy interests of the relevant employees" was of little value to the public interest. 2020 WL 2190708, *4. In *Pendell v. United States Secret Service*, No. 1:18-CV-0352 (GTS/TWD), 2019 WL 6840125, at *11 (N.D.N.Y. Dec. 16, 2019), the court sealed the names and other personally identifying information of individuals where disclosure "could lead to embarrassment or retaliation." Here, given the nature of Plaintiff's allegations, the ongoing criminal investigation, and the associated potential for retaliation or harassment, the Court should seal the identity of the Twitter's employee from disclosure. *See Kuzma v. U.S. Dep't of Justice*, No. 12-CV-807S, 2014 WL 4829315, at *8 (W.D.N.Y. Sept. 29, 2014) (in FOIA case, holding that identities of individuals potentially involved in a criminal investigation, even as witnesses, should be shielded from disclosure) (citing *Massey v. F.B.I.*, 3 F.3d 620, 625 (2d Cir. 1993), *abrogated on other grounds by Milner v. Dep't of Navy*, 562 U.S. 562 (2011)).

Indeed, in *Abdulaziz v. Twitter*, the parallel case based on the same foreign espionage activities, the court agreed that the identity of Twitter's employee declarant in the Twitter Employee Declaration is "privileged . . . or otherwise entitled to protection under the law." ECF Nos. 44, 65.

### 2. Twitter's Internal Records

Exhibits 3 and 4 are confidential Twitter records of accounts that Twitter notified of a suspected state-sponsored intrusion into their account information. While identifying-information about accounts other than Plaintiff's account have been redacted to protect these third-party accountholders' private information, the records still reveal Plaintiff's Twitter user identification number, which implicates Plaintiff's individual privacy interests. Further still, the records offer information about Twitter's account notification practices and the number of accounts at issue, which is confidential information implicated in an ongoing criminal investigation into the unauthorized access of Twitter accounts, *United States v. Abouammo, et al.*, Case No. 3:19-cr-000621-EMC (N.D. Cal.). Moreover, Twitter has a business interest in protecting its accountholders' information, including their user identification numbers. Together, these interests outweigh the presumption of public access. *See Valassis*, 2020 WL 2190708, at *3 (sealing personally identifying information, and further noting that "[t]he demonstration of a valid need to protect the confidentiality of sensitive business information . . . may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (holding that sealing "confidential business information," including "internal business documents," information about "business operations" was justified).

Notably, in evaluating identical exhibits to those here, the district court in the Northern District of California granted Twitter's motion to seal the exhibits, concluding that "'compelling reasons' exist to rebut the presumption of public access to judicial records." *Abdulaziz v. Twitter*, Case No. 3:19-cv-06694-LB (N.D. Cal.), ECF No. 44 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016)).

### C. The requested redactions are minimal and specifically targeted.

Twitter is mindful that when seeking to redact information that would otherwise become part of the public record, a "narrowly tailored, robustly justified application" is required. *DXC Tech. Co. v. Hewlett Packard Enter.*, No. 19-CV-7954 (VEC), 2019 WL 4621938, at *2 (S.D.N.Y. Sept. 11, 2019) (Caproni, J.). The requested redactions are just that.

With respect to the Twitter employee declarant, Twitter proposes to seal only that information that would identify the employee personally, in line with relevant case law. *See Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, No. 09 Civ. 782(PGG), 2009 WL 2365246, *7 (S.D.N.Y. July 30, 2009) (directing the parties to "file copies in the public court files with the minimum amount of redactions necessary to protect the identity of non-party [individuals]"). Twitter's public court filings will still include sufficient information for the public to understand the employee's role at Twitter and the background and knowledge they rely on to make the statements set forth in their declaration. Accordingly, the public's interest in evaluating the role of the judicial document in the court's decision will still be met.

Regarding Exhibits 3 and 4, Twitter only seeks to seal its sensitive internal records reflecting Plaintiff's Twitter user identification number, and the number of Twitter accounts that

Hon. Valerie E. Caproni
Case No. 1:20-cv-04982-VEC
September 28, 2020
Page 5

were notified about the potential state-sponsored intrusion of their accounts. The public will still have access to the actual notifications—provided as Exhibits 1 and 2 to the Twitter Employee Declaration; thus, the public will still be able to view the actual text of Twitter's notifications. Further, the Twitter Employee Declaration contains information about Twitter's notification process sufficient for the public to generally understand Twitter's notification procedure without needing to view Twitter's sensitive internal records or Plaintiff's particular user identification number. *See* Twitter Employee Declaration ¶¶ 3-6 (describing the notification process and the internal records that were created to track which Twitter accountholders were sent the notifications). Therefore, the public interest will still be satisfied.

## II.     Plaintiff's Sealing Requests

Twitter's counsel contacted Plaintiff's counsel to ask whether, in light of the circumstances of this litigation, Plaintiff believed the following materials should be filed under seal:

- **Exhibit 5 to the Twitter Employee Declaration.** Exhibit 5 is a record of a message sent by Plaintiff from his @AliAlahmed Twitter account, and an English translation of that message.

- **Exhibit C to the Declaration of Anjali Srinivasan in support of Twitter's Motion to Dismiss, or Alternatively, to Transfer Venue ("Srinivasan Declaration").** Exhibit C is a copy of a public Twitter post ("Tweet") made by Plaintiff from his @AliAlAhmed_en Twitter account, on October 29, 2014, that lists his phone number. Twitter proposed to redact the phone number.

- **Exhibit D to the Srinivasan Declaration.** Exhibit D is a copy of a publicly available January 14, 2014 press release listing Plaintiff's phone number and e-mail address. Twitter proposed to redact the phone number and e-mail address.

Plaintiff's counsel indicated that he "consented" to the sealing of these materials, but did not offer any basis for doing so. Out of an abundance of caution, Twitter is filing Exhibit 5 under seal. Twitter will redact the phone numbers, e-mail addresses, and web addresses where the information may be found from Exhibits C and D, and will file unredacted versions under seal. Twitter does not object to the sealing of these materials for purposes of this motion but reserves its right to oppose any claim of confidentiality or privacy over these materials and to oppose sealing of these materials in the future should this litigation proceed beyond the pleadings.[2] Twitter notes that certain of the material—Exhibits C and D to the Declaration of Anjali Srinivasan are materials that are publicly available on the Internet. *See* Srinivasan Declaration at ¶¶ 4-5.

---

[2] While there may be substantive disputes about whether any of this information is confidential or private, these disputes are not suitable for resolution in the context of a motion to seal.

1392009

Hon. Valerie E. Caproni
Case No. 1:20-cv-04982-VEC
September 28, 2020
Page 6

      We are available to discuss these matters further at Your Honor's convenience.

Respectfully submitted,

*[signature]*

Anjali Srinivasan

as/dc