USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/06/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ALI AL-AHMED,

                                Plaintiff,

             -against-

TWITTER, INC.,

                               Defendant.
-------------------------------------------------------------- X

20-CV-4982 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on September 28, 2020, Defendant Twitter, Inc. ("Twitter") filed a Motion to Seal, Dkt. 35;

      WHEREAS Plaintiff Ali Al-Ahmed did not object to Defendant Twitter's request, Dkt. 35;

      WHEREAS Defendant Twitter proposed redacting the name of its employee declarant as well as lists of Twitter accountholders, Dkt. 35 at 1–2;

      WHEREAS Plaintiff Al-Ahmed did not object to Twitter's proposal to redact a private message he sent from his now suspended Arabic-language Twitter account, Dkt. 35 at 5; and

      WHEREAS Plaintiff Al-Ahmed further did not object to Twitter's proposal to redact his telephone number and email address as listed on public documents, Dkt. 35 at 5;

      IT IS HEREBY ORDERED that Twitter's Motion is GRANTED in part and DENIED in part, for the following reasons:

1. Defendant Twitter proposed redacting the identifying information of its employee declarant, citing the sensitive nature of the allegations, the related criminal investigation, and the desire to avoid potential harassment or retaliation. Dkt. 35 at 3. The Court finds

that the need to protect the employee from possible reprisal constitutes a higher value sufficient to overcome the presumption of access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). Therefore, the request to redact the identifying information of the employee declarant is GRANTED.

2. Defendant Twitter proposed redacting the user identification numbers of Plaintiff's Twitter account and those belonging to third-party accountholders. *See* Dkt. 35 at 1–2 (referring to Exhibits 3 and 4 to the Twitter Employee Declaration). Additionally, Twitter proposed redacting Plaintiff's telephone number from a public Twitter post and his telephone number and email address from a public press release. *See* Dkt. 35 at 5 (referring to Exhibits C and D to the Declaration of Anjali Srinivasan). The Court finds that the personal privacy interests of the third-party accountholders and of Plaintiff in his contact information outweighs the presumption of public access. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020). As such, these requests are GRANTED.

3. Twitter proposed and Plaintiff Al-Ahmed did not object to redacting a private message Al-Ahmed sent from his now-suspended Arabic language Twitter account to a third-party Twitter user, who, in turn, reported the message to Twitter. *See* Dkt. 35 at 5 (referring to Exhibit 5 to the Twitter Employee Declaration). The Court recognizes that the content of this repugnant message may be embarrassing for Plaintiff Al-Ahmed. But avoiding embarrassment is not the type of "higher value" that justifies overcoming the presumption of immediate public access. *Lugosch*, 435 F.3d at 126. In short, this request is DENIED.

IT IS FURTHER ORDERED that Defendant Twitter must refile its Motion to Dismiss and supporting exhibits in line with this Order by no later than **Monday, November 9, 2020**.

The Court reminds Defendant Twitter to follow Rule 5B of the Court's Individual Practices, including that proposed redactions must be highlighted in the unredacted documents filed under seal on ECF.

      The Clerk of Court is respectfully directed to terminate the open motion at docket entry 35.

**SO ORDERED.**

Date: **November 6, 2020**
      **New York, New York**

      **VALERIE CAPRONI**
      **United States District Judge**