**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI AL-AHMED,<br><br>                              Plaintiff,<br><br>         v.<br><br>TWITTER, INC.,<br><br>                              Defendant. | Case No. 1:20-cv-04982-VEC<br><br>**DEFENDANT TWITTER, INC.'S RESPONSE TO ORDER TO SHOW CAUSE** |

1709311

**I.      INTRODUCTION**

Twitter, Inc. respectfully submits this response to the Order to Show Cause ("OSC") issued by the Court on June 16, 2021.  Dkt. 68.  Twitter and its counsel[1] take the Court's Individual Rules of Practice seriously and believed that Twitter was in full compliance with those rules, including the requirement that "[a]ll memoranda must be double-spaced and utilize 12-point font for text."  Indiv. Rule 4.B.  To that end, Keker, Van Nest, and Peters LLP ("KVP") drafted *all* of Twitter's submissions in this action—including pleadings that were not subject to page limits—using 12-point font and "Exactly" 24-point spacing in Microsoft Word.  Indeed, KVP used its standard template for case in which the pleadings are required to be "double-spaced."  KVP believed that its memoranda were "double-spaced" because 24-point spacing is *double* the height of the required 12-point font size.  Only after receiving the OSC did KVP learn that Microsoft Word adds 15% more space to its "Double" spaced setting than is literally required to double the height of the font (*i.e.*, double-spacing plus 15%).

Twitter and its counsel had no intention of circumventing the page limits imposed by the Court and, until the OSC was issued last week, believed in good faith that we had complied with the Court's formatting rules.  Nonetheless, Twitter and its counsel acknowledge their obligation to comply with the Court's Individual Rules and apologize for misinterpreting Rule 4.B.  Under these circumstances, however, Twitter and its counsel respectfully submit that sanctions are not warranted.

Further, given that KVP acted in good faith and relied on a well-established interpretation of the term "double-spaced" (albeit one that KVP now knows did not comply with the Court's

---

[1] The term "counsel" refers to Twitter's lead counsel at the law firm of Keker, Van Nest & Peters LLP and local counsel at the law firm of Reavis Page Jump LLP.

1

1709311

Individual Rules), Twitter and its counsel respectfully request that the Court not strike the previously submitted motion papers.  Alternatively, we respectfully request that the Court grant leave to submit corrected motion papers that are "Double" spaced (per Microsoft Word).  With the Court's permission, Twitter is prepared to submit either (1) properly formatted briefs without any substantive changes, which would add approximately three pages to the opening brief and two pages to the reply brief (the ancillary pleadings are all well below the applicable page limits); or (2) page-limit compliant briefs that only remove, but do not add, substance.  We do not believe that any of these options would prejudice Plaintiff, particularly given that the Court already granted an additional 10 pages for his opposition brief.

## II.     ARGUMENT

Twitter's non-compliant briefs were the result of a different, but reasonable, understanding of the term "double-spaced," rather than any intent to skirt the page limits imposed by the Court.  It was KVP's understanding that by using 24-point spacing, it was "double-spacing" the required 12-point font.  In the field of typography, a "point" is equal to 1/72 of an inch, so that "12-point font" means that each letter is 12/72 of an inch high.  Because 24 is double 12, KVP believed in good faith that 24-point spacing was "double-spaced."  Indeed, many federal courts—including those in which KVP most frequently practices—treat "double-spacing" to mean 24-point spacing or greater.  *See*, *e.g.*, *Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 3472557, at *1 (E.D. Cal. July 18, 2018) ("line spacing of such documents … must be double-spaced meaning, at minimum, 24-point line spacing"); *Churyumov v. Amazon Corp. LLC*, No. C19-136RSM, 2019 WL 6271728, at *4 n. 2 (W.D. Wash. Nov. 25, 2019) (the Local Rules "required that Plaintiff's reply 'be double spaced or exactly 24 points.'"); *Swenson v. Amtrak*, No. 2:14-CV-02629-KJM-CMK, 2015 WL 6447493, at *6 (E.D. Cal. Oct. 23, 2015)

(requiring "spacing twenty-four points or greater, *i.e.*, double spacing.").[2] Thus, in preparing Twitter's motion to dismiss, KVP believed in good faith that by utilizing 24-point spacing—double the required 12-point font size—it was complying with the Court's requirement that memoranda be "double-spaced."[3]

However, after receiving the Court's OSC, KVP learned for the first time that the term "double-spaced" does not have a universal definition and thus does not necessarily mean twice the height of the selected font. For example, the "Double" spacing setting in Microsoft Word adds 15% more space between each line than is required to literally double the height of 12-point font, *i.e.*, 24-point spacing plus an additional 15%. As a result, "Double" spacing in Microsoft Word is *2.3 times*—rather than double—the height of the selected font.[4]

---

[2] In the Northern District of California, where KVP's offices are located, the Local Rules define "double-spaced" to mean up to 28 lines of text per page. *See* Northern District of California Civil Local Rule 3-4(a)(c)(2) ("Text must appear on one side only and must be **double-spaced with no more than 28 lines per page** …") (emphasis added); *see also* Central District of California Local Rule 11-3.2 ("All documents … shall be numbered on the left margin **with not more than 28 lines per page**. The lines on each page shall be **double-spaced** ….") (emphasis added). Twitter's submissions in this action also complied with this definition of double-spaced.

[3] *See, e.g.*, "Typography For Lawyers: One Space, Double Spacing, And Other Good Ideas," http://www.bencarterlaw.com/blog/2012/5/19/typography-for-lawyers-one-space-double-spacing-and-other-go.html (May 19, 2012) ("The court's requirement to double space your briefs does not mean, however, that you just go into Microsoft Word and pound the 'double space' button. True double spacing for a 12-point font means setting your line spacing at 'Exactly' 24 points. Using Microsoft Word's default 'double space' will give you line spacing greater than 24 points–about 15% greater, in fact.").

[4] Norm Tabler, *Judges Guard Their Space*, Fed. Law., December 2017, at 16 ("Microsoft isn't bound by the normal rules of English interpretation. Some years ago Microsoft decided that 'single-spaced' should mean 115 percent—not 100 percent—of font height. Why? Because 15 percent more white space makes a document more visually attractive and easier to read. Therefore, 'double-spaced' means 230 percent of font height.")

After receiving the OSC, KVP now understands that the Court's use of the term "double-spaced" in its Individual Rules likely means "Double" spacing in the manner used by Microsoft Word (24-point spacing plus an additional 15%) and will ensure that all future filings comply with this standard. Again, Twitter and its counsel apologize to the Court and Plaintiff for its misinterpretation of the Court's Individual Rules. However, because there is no universal definition of "double-spaced," and given that KVP applied a well-established interpretation of this term (albeit one it now knows is inconsistent with the Court's Individual Rules), Twitter respectfully submits that sanctions are not warranted in this instance.

### III.    CONCLUSION

For the reasons stated above, Twitter and its counsel respectfully request that the Court not strike the previously submitted motion papers. Alternatively, Twitter and its counsel respectfully request leave to submit corrected motion papers that are "Double" spaced (per Microsoft Word). With the Court's permission, Twitter is prepared to submit either (1) properly formatted briefs without any substantive changes, which would add approximately three pages to the opening brief and two pages to the reply brief (the ancillary pleadings are all well below the applicable page limits); or (2) page-limit compliant briefs that only remove, but do not add, substance. We do not believe that any of these options would prejudice Plaintiff, particularly given the Court already granted Plaintiff 10 additional pages for his opposition brief.

//

//

//

//

1709311

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | KEKER, VAN NEST & PETERS LLP |
| Dated:  June 25, 2021 | By: | /s/ *Khari J. Tillery* |

BENJAMIN BERKOWITZ *(pro hac vice)*
KHARI J. TILLERY *(pro hac vice)*
ANJALI SRINIVASAN *(pro hac vice)*
RYLEE KERCHER OLM *(pro hac vice)*
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188
bberkowitz@keker.com
ktillery@keker.com
asrinivasan@keker.com
rolm@keker.com

ALICE K. JUMP
REAVIS PAGE JUMP LLP
41 Madison Avenue, 41st Floor
New York, NY 10010
Tel:  212.763.4100
Fax:  212.763.4141
ajump@rpjlaw.com

Attorneys for Defendant
TWITTER, INC.